### CHAMPION et al. v. CAMERON COUNTY.
### No. 9440.

Court of Civil Appeals of Texas. San Antonio.

Oct. 24, 1934.

Davenport & Ransome, of Brownsville, for appellants.

Charles C. Bowie, of San Benito, for appellee.

SMITH, Justice.

On December 13, 1932, John G. Champion and others were sureties upon the official bond of the Texas Bank & Trust Company, of Brownsville, in the latter's capacity as official depository of Cameron county. On said date the depository failed, and its affairs were taken over and thereafter administered by the state banking commissioner, in pursuance of the statutes. When the depository failed, it had among its deposits a balance of $33,582.87 belonging to said county, which brought this action and recovered of the banking commissioner for the principal amount of said deposits, and of said sureties for said amount, plus 6 per cent. interest thereon from the date of said failure. The sureties have appealed.

In this appeal the sureties do not question the judgment against them for the amount of the lost deposits, but complain only of the allowance of interest thereon, and of the rate of interest so allowed.

In the bond sued on the obligation of the principal was "to pay to the County of Cameron interest on daily balances kept in said depository of said County at the rate of 1.77% per annum, with interest payable monthly."

In their first proposition appellants contend in their brief that under the law they were not liable upon the bond for any amount of interest upon the principal sum, but this proposition was abandoned by them upon oral presentation, and will be overruled without discussion here.

In their second proposition appellants contend that under the above-quoted provision of the bond sued on they were liable only for interest upon the amount of the balance due the county by their principal at the date of default, at the rate of 1.77 per cent., to be computed from that date. This proposition must be sustained, upon the authority of our Supreme Court, speaking through the Commission of Appeals, in the recent case of Linz v. Eastland County (Tex. Com. App.) 39 S.W.(2d) 599, 607, 77 A. L. R. 1466. In that case the precise point here involved is plainly decided in this language:

"The statute (Rev. St. 1925, art. 5072) provides that all judgments of courts of this state shall bear interest at the rate of 6 per cent. per annum from and after the date of the judgment except where the contract upon which the judgment is founded bears a specified interest greater than 6 per cent. and not exceeding 10 per cent. per annum, in which case the judgment shall bear the same rate of interest specified in such contract, after the date of such judgment. Therefore, because the obligations sued on bear a contract interest rate of less than 6 per cent. per annum, interest thereon should be calculated at the contract rate until the date of

judgment; the judgment to bear interest at the rate of 6 per cent. per annum after its date. Sheldon v. Martin (Tex. Sup.) 8 S. W. 61; Galveston County Drainage District v. Foster (C. C. A.) 284 F. 932."

The cited case is apparently the only authority upon the question in Texas, although a similar holding may be implied from the decision in American Surety Co. v. Tarbutton (Tex. Civ. App.) 248 S. W. 435 (writ refused). In any event, in the Eastland county case the question is clearly resolved in favor of appellants' contention, and no good purpose can be served by any elaboration in this opinion.

Accordingly, the judgment of the trial court will be reformed so as to decree recovery in favor of appellee against appellants in the sum of $33,582.87, together with interest thereon at the rate of 1.77 per cent. per annum from December 13, 1932, until date of said judgment, the whole amount to bear interest thereafter at the rate of 6 per cent. per annum until paid; and, as so reformed, the judgment will be affirmed, at the cost of appellee.

Reformed and affirmed.